[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12816
Non-Argument Calendar

_____

D.C. Docket No. 4:89-cr-04006-WS-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

STANTON DONOVAN ROBINSON,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 1, 2020)

Before JILL PRYOR, BRASHER and BLACK, Circuit Judges.

PER CURIAM:

The government appeals the district court's order granting Stanton Robinson's motion for a sentence reduction, pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222, which authorizes a sentence reduction for defendants convicted of offenses whose statutory penalties were modified by the Fair Sentencing Act of 2010.  The government argues the district court erred in finding Robinson was eligible for relief because it found, at his original sentencing, that he was directly involved with at least ten kilograms of crack cocaine, the statutory penalties for which were not changed by Fair Sentencing Act, and thus he was not convicted of  a "covered offense" under the First Step Act.  After review,[1] we affirm.

Prior to both the First Step Act and the Fair Sentencing Act, a person convicted of a drug trafficking offense involving at least 5 grams but less than 50 grams of crack cocaine was subject to the sentencing provisions in 21 U.S.C. § 841(b)(1)(B), while a person convicted of a similar offense involving 50 grams or more of crack cocaine was subject to the provisions of § 841(b)(1)(A).  *See* 21 U.S.C. § 841(b)(1)(A), (b)(1)(B) (2006).  Subsection (b)(1)(A) provided for a mandatory minimum sentence of ten years' imprisonment, while subsection

---

[1] We review *de novo* whether a district court had authority to modify a term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).  Although district courts lack the inherent authority to modify a term of imprisonment, they may do so to the extent that a statute expressly permits.  18 U.S.C. § 3582(c)(1)(B).  The First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment.  *Jones*, 962 F.3d at 1297.

(b)(1)(B) provided for a mandatory minimum sentence of five years' imprisonment. *Id.*

Additionally, and as relevant here, both subsections also provided for increased penalties where a defendant had one or more prior convictions for a "serious drug felony." *Id.* A defendant subject to the penalty provisions of subsection (b)(1)(A) who had two or more prior convictions for a serious drug felony faced a mandatory life sentence. § 841(b)(1)(A). A similarly situated defendant who was subject to the penalties in subsection (b)(1)(B), on the other hand, was subject to a ten-year mandatory minimum.

In the instant case, a jury found Robinson guilty of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841. At the time of Robinson's convictions in 1989, he had at least two prior felony drug convictions. Because his conviction involved at least 50 grams of crack cocaine and due to his prior drug convictions, Robinson was subject to a mandatory life sentence under § 841(b)(1)(A).

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; *see Dorsey v. United States*, 567 U.S. 260, 268-69 (2012). Section 2 of the

Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger the more severe sentencing provisions of § 841(b)(1)(A) from 50 grams to 280 grams, and the quantity necessary to trigger the provisions of § 841(b)(1)(B) from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)-(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).

As a result, for a defendant like Robinson with two prior felony drug convictions who was convicted under § 841(b)(1)(A), the Fair Sentencing Act changed the quantity necessary to trigger a mandatory life sentence from 50 grams to 280 grams. *See* Fair Sentencing Act § 2(a)(1)-(2); 21 U.S.C. § 841(b)(1)(A). A defendant with two prior felony convictions who was convicted of an offense involving 50 grams or more of cocaine would now be subject to the penalties in § 841(b)(1)(B), which provides for a mandatory minimum sentence of ten years' imprisonment and a maximum of life. *See* 21 U.S.C. § 841(b)(1)(B)(iii).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act. *See* First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194. Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id*. § 404(b). The statute defines "covered offense" as "a violation of a Federal criminal statute, the

4

statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." *Id.* § 404(a).

The government here argues Robinson was not convicted of a "covered offense" and the district court therefore did not have the authority to lower his sentence. Specifically, the government argues that because the district court found during Robinson's sentencing that he was "directly involved" with over ten kilograms of cocaine, he would have been subject to the increased penalties in § 841(b)(1)(A) even in light of the Fair Sentencing Act, and he therefore was not convicted of "a violation of a Federal criminal statute, the statutory penalties for which were modified by" the Fair Sentencing Act. It is the government's position that the district court should have considered the actual amount of crack cocaine involved in Robinson's offense in determining his eligibility for a sentence reduction. However, this Court recently rejected that position in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020).

In *Jones*, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to § 404(b) were denied in the district courts. *See Jones*, 962 F.3d at 1293. First, we concluded that "a movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties." *Jones*, 962 F.3d at 1298. Because Section 2 of the Fair Sentencing Act "modified the statutory penalties for crack-cocaine offenses that

5

have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)," a movant is considered to have been convicted of a covered offense if he was sentenced for an offense that triggered one of those statutory penalties. *Id.* at 1298, 1301. We specifically rejected the government's argument that a district court should consider the actual quantity of crack cocaine involved in a movant's violation. *Id.* at 1301. Instead, we held the district court should consider only whether the quantity of crack cocaine satisfied the specific drug quantity elements in § 841—in other words, whether his offense involved 50 grams or more of crack cocaine, therefore triggering § 841(b)(1)(A)(iii), or between 5 and 50 grams, therefore triggering § 841(b)(1)(B)(iii). *Id.*

Applying this standard to the four movants in *Jones*, we concluded all four were sentenced for covered offenses because they were all sentenced for offenses whose penalties were modified by the Fair Sentencing Act. *Id.* at 1302–03. One movant in particular merits mentioning here. Similar to the situation in the instant case, we determined that movant Allen—who was charged in 2006 with conspiracy to distribute 50 grams or more of crack cocaine, found by a jury to be responsible for that drug amount, and attributed with between 420 and 784 grams of crack cocaine per week at sentencing—was convicted of a covered offense, noting that the higher drug-quantity finding at sentencing "did not trigger the statutory penalty for [his] offense." *Id.*

6

In light of *Jones*, we readily reject the government's argument here that Robinson was not convicted of a "covered offense."  However, as we further noted in *Jones*, "a movant's satisfaction of the 'covered offense' requirement does not necessarily mean that a district court can reduce his sentence."  *Id.* at 1303.  The "as if" qualifier in Section 404(b) of the First Step Act, which states that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed," imposes two limitations on the district court's authority.  *Id.* (quotation marks omitted) (alteration in original); *see* First Step Act § 404(b).

First, the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act.  *Jones*, 962 F.3d at 1303.  Second, "in determining what a movant's statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing."  *Id.*  Applying these limitations, we held that if a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect—in other words, if his sentence was equal to the mandatory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered his statutory penalty—then the

7

Fair Sentencing Act would not have benefitted him, and the First Step Act does not authorize the district court to reduce his sentence. *Id.* at 1303.

Here, although the district court made a finding at sentencing that Robinson was directly involved with over ten kilograms of cocaine, the district court would only be bound by that finding to the extent it triggered the statutory penalty for Robinson's offense. *See id.* at 1302–03. There is no indication in the record that the sentencing judge—who also granted Robinson's motion—applied the higher statutory penalties based on the ten-kilogram finding. Rather, it appears that finding was merely relevant to determining Robinson's guideline range. Indeed, both the indictment and the judgment describe Robinson's offenses simply as involving "50 grams or more" of crack cocaine.

Again, movant Allen's case from *Jones* is instructive here. There, too, the district court made a finding that he had been "responsible for" a higher drug quantity—"between 420 and 784 grams of crack cocaine per week." *Id.* at 1294–95, 1302–03. But we concluded that finding "did not trigger the statutory penalty for Allen's offense." *Id.* at 1302–03. Instead, the district court determined his statutory range based on the jury's finding that he was responsible for 50 grams or more of crack cocaine. *Id.* at 1304.

Because Robinson was convicted for an offense involving 50 grams or more of crack cocaine under § 841(b)(1)(A), the statutory penalties for which were

8

modified by the Fair Sentencing Act of 2010, the district court correctly determined that he was eligible for a sentence reduction under the First Step Act. Moreover, in reducing Robinson's sentence "as if" sections 2 and 3 of the Fair Sentencing Act were in effect, the district court had the discretion to reduce Robinson's sentence to 440 months' imprisonment. Accordingly, we affirm.

**AFFIRMED.**